IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS CORPORATION, LLC, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FINISAR CORPORATION, a Delaware Corporation,<br><br>Defendant.<br>_____/ | No. C 06-04206 WHA<br><br>**ORDER CONDITIONALLY GRANTING LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS AND VACATING HEARING** |

We are too early in the overall lawsuit to deny leave to amend but too late in the claim-construction process to grant leave without mitigating conditions. For the reasons below, conditional leave to amend is **GRANTED**.

Plaintiff commenced this action seeking declaratory judgment to establish noninfringement of the sole patent in suit. We are still early in the case. The first case management conference was four months ago (a few days less, actually). In accordance with our local patent rules, defendant timely served its preliminary infringement contentions three months ago. Plaintiff responded in due course with its preliminary invalidity contentions. One round of briefing is completed for the impending claim-construction hearing. Very little discovery has occurred. Trial is set for a year from now.

About six weeks after serving its preliminary infringement contentions, defendant advised plaintiff that it wished to assert seven further claims in the same patent, all of which depended from the sole claim already asserted. This was midway between the start of the claim-construction process and our present juncture. Plaintiff refused, taking the position that defendant was locked into its preliminary infringement contentions as originally served. This motion for leave to amend the contention was then promptly filed.

Unlike the normal patent-infringement action, the patent owner here did not commence this action. Instead, the patent owner was sued for a declaratory judgment that the patent claims, if valid, were not infringed. At the outset of such litigation, we cannot expect that patent owner to have done as much infringement-analysis homework as we would expect of a patent owner who initiates and thus chooses the timing of the litigation. It is true that the patent owner here invited the litigation by sending letters threatening enough to justify a declaratory-relief action. But the degree of homework required to bring suit in the district court is greater than the degree of homework needed to drop letters in a mailbox.

Having been drawn into litigation it did not commence, defendant nonetheless timely served its contentions, invoking a single claim. Within only a few weeks, however, it wished to add seven additional claims, all of which depended from the first-asserted claim. "Depended from" means that the supplemental claims were identical to the first-asserted claim but with more limitations. Given the time frames involved, given the expedition with which defendant undertook its supplemental research and promptly moved to amend, and given the similarity of the new material to the old material, good cause exists to allow the amendment.

The dependent claims will be harder to prove for infringement purposes (given the narrowing limitations) but also will be harder to challenge for invalidity purposes (for the same reason). The latter point is, no doubt, the reason plaintiff is so vigorous in seeking to block the new allegations. That said, the main prejudice to plaintiff will be having to redo its prior art search with the various dependent claims in mind. This is a plausible concern. It can be mitigated, however, through an award of attorney, expert and other litigation expenses. In the

Court's judgment, plaintiff would have been more reasonable had it acquiesced when the problem arose as long as defendant was amenable to mitigating the prejudice.

All that has been said about our local contentions rule and its goal to suppress the "shifting sands" approach to litigation is true. But it is equally true that the rule is not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset. All the decisions relied on to oppose leave involved far more tardiness. A record showing substantially more prejudice than here would warrant denial of leave to amend, *i.e.*, an award of expenses ought not to be seen as a cure in all cases. But the prejudice here is tolerable enough to be mitigated by an award of expenses and, once mitigated, pales beside the unfairness that might result from preventing a full litigation on the merits. Good cause has been shown.

Leave to amend the preliminary infringement contentions is **GRANTED** on the following conditions:

1. Plaintiff shall have 45 days from the date of this order to serve its preliminary invalidity contentions as to the new material.

2. Defendant must pay plaintiff an amount to mitigate the extra attorney, expert and other litigation expense resulting from the amendment. The measure of such award shall be a comparison of what the reasonable expense would have been had the proposed contentions been served as part of the original contentions versus the reasonable expense incurred based on the actual course of events. The difference between these two calculations shall be paid to plaintiff. The expense associated solely with this motion, however, shall be ignored. A separate order shall set forth the procedure to be followed in setting an award.

3. Both sides have filed an opening memorandum for the impending claim-construction hearing. To avoid wasting all or part of this work, plaintiff is hereby given the option of going ahead with the claim-construction proceeding as it is now organized. If, however,

1  plaintiff would prefer, in light of the larger universe of claims, to select
2  different phrases for a claim-construction hearing, then the Court will
3  defer to plaintiff's choice as a further mitigation measure.  If so, plaintiff
4  may pick a new slate of six phrases to be considered, some of which, of
5  course, can be the same as before but without input from defendant.
6  On the other hand, if plaintiff wishes to proceed with the six phrases now
7  on the table, then the claim-construction procedure will remain as already
8  organized and on the same schedule.  Plaintiff must file its election in this
9  regard (without qualification) by **NOON ON TUESDAY, MARCH 6, 2007**.
10 If plaintiff elects to start over, both sides must meet and confer and
11 propose a new schedule for claim construction.
12     If defendant is unwilling to abide by the foregoing conditions, then it must file a
13 statement so objecting by **NOON ON MONDAY, MARCH 5, 2007**, in which event leave to amend
14 shall be deemed denied.  Otherwise, this order shall then be effective.
15     The hearing on this matter is hereby **VACATED**.  This order is without prejudice to the
16 possible stay separately being sought in the motion calendared for April 5.

**IT IS SO ORDERED.**

Dated:  March 2, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4